UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BYRON K. BREASTON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:06-CV-157 RM |
| | ) |
| ELKHART POLICE DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Byron Breaston, a prisoner confined at the Miami Correctional Facility, filed a complaint in the Elkhart Circuit Court, alleging that Elkhart police officers and a Hollywood Video employee violated his federally protected rights. The defendants removed the case to this court pursuant to 28 U.S.C. § 1441(b).

Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Because Mr. Breaston is a prisoner as defined in § 1915A(c) and some of the defendants he seeks redress from are governmental officials, § 1915A requires the court to screen this complaint, even though he originally filed it in state court. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Breaston brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." Parratt v. Taylor, 451 U.S. 527, 536 (1981). If the defendant didn't act "under color of state law," the action against him must be dismissed. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). The phrase "acting under color of [state] law" means "misuse of power, possessed by virtue of state law and made possible only because the

wrongdoer is clothed with the authority of state law . . . ." Monroe v. Pape, 365 U.S. 167, 184 (1961) (citations omitted). Absent very unusual circumstances, private persons do not "act under color of state law." Merely calling the police to report a possible crime does not make a private citizen into a state actor, and the facts presented in this action do not suggest that Hollywood Video and store manager Kristie Kirk acted "under color of state law."

Mr. Breaston also names the Elkhart City Police Department as a defendant. Under Indiana law, a police department has no separate corporate existence and therefore is not an entity that can be sued. Slay v. Marion County Sheriff's Dept., 603 N.E.2d 877, 887 (Ind Ct. App. 1992); Jones v. Bowman, 694 F.Supp. 538, 544 (N.D. Ind. 1988) ("A city's police department is merely a vehicle through with the government fulfills its policy functions and is not a proper party defendant"). Mr. Breaston may sue the officers who searched and arrested him, but he may not sue the police department that employs them.

Mr. Breaston alleges that Officer Chad Odle and Detective Todd Thayer searched and arrested him without probable cause. Mr. Breaston asserts that on February 13, 2004, he set off the sensormatic security system both when he entered the Hollywood Video Store and when he left. The manager asked Mr. Breaston to empty his pockets, which he did. She also had another store employee call 911. Officers Odle and Thayer responded to the call, stopped Mr. Breaston in the parking lot, searched him, and found six DVDs secreted on his person. The officers then took Mr. Breaston back to the store, where the manager identified the DVDs as being the property of Hollywood Video.

The Fourth Amendment does not prohibit all searches and seizures, only those that are "unreasonable." United States v. McCarthur, 6 F. 3d 1270, 1275 (7th Cir. 1993). One of the well-established exceptions to the Fourth Amendment's warrant requirement is "the ancient common-law rule that a peace officer [is] permitted to arrest without a warrant for a misdemeanor or felony committed in his presence as well as for a felony not committed in his presence if there [is] reasonable ground for making the arrest." United States v. Watson, 423 U.S. 411, 418 (1976). An arrest is reasonable for Fourth Amendment purposes if the arresting officers had probable cause to believe a crime had been committed and that the arrestee was the person who committed that crime. Michigan v. Summers, 452 U.S. 692 (1981). The existence of probable cause completely bars a Fourth Amendment claim. Booker v. Ward, 94 F.3d 1052, 1057 (7th Cir. 1996); Jones v. Webb, 45 F.3d 178, 181 (7th Cir. 1995). A plaintiff may not recover on a Fourth Amendment claim where "'a reasonable officer could have believed [the plaintiff's arrest] to be lawful, in light of clearly established law and the information the [arresting] officer possessed.'" Hunter v. Bryant, 502 U.S. 224, 227 (1991), quoting Anderson v. Creighton, 483 U.S. 635, 641 (1987).

> To succeed on his unlawful arrest claim . . . [the plaintiff] . . . must prove that they arrested him without probable cause. A law enforcement officer has probable cause to arrest when the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense. We evaluate probable cause not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer--seeing what he saw, hearing what he heard.

Booker v. Ward, 94 F.3d 1052, 1057-1058 (7th Cir. 1996) (citations, emphasis,

and quotation marks omitted).

The Hollywood Video manager notified Officers Odle and Thayer that Mr. Breaston set off the sensormatic alarm when he left the store. This constituted reasonably trustworthy information warranting a prudent person in believing that Mr. Breaston had taken DVDs or videotapes out of the store, and justified the officers' decision to stop and search him. The search resulted in the discovery of DVDs, which justified their decision to take Mr. Breaston back to the store. The manager's identification of the DVDs as belonging to Hollywood Video gave the officers reasonable grounds to arrest Mr. Breaston. The facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent person in believing that Mr. Breaston had stolen DVDs from Hollywood Video.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the court DISMISSES this complaint.

SO ORDERED.

ENTERED: May 30, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court